United States District Court
Southern District of Texas
**ENTERED**
February 03, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BROWN MEDICAL CENTER, INC., | § | |
|     Debtor. | § | **CIVIL ACTION NO. 16-0084** |
| | § | |
| ----------------------------------------------- | § | |
| | § | |
| ELIZABETH M. GUFFY, Plan Agent, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Bankruptcy Adversary No. 15-3229 |
| | § | |
| MARSHALL DAVIS BROWN, JR., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Elizabeth Guffy, the Plan Agent for under the confirmed Chapter 11 Plan of Liquidation in the Brown Medical Center, Inc. bankruptcy, filed this adversary proceeding seeking to avoid certain attorney fee payments as fraudulent transfers. This matter is before the Court on the Motions to Withdraw the Reference filed by Adversary Defendants Robert S. Hoffman, Law Office of Robert S. Hoffman, PLLC, Jedediah D. Moffett, and Jedediah D. Moffett PLLC ("Hoffman Defendants") [Doc. # 2], Marshall Davis Brown, Jr., Pavlas Borwn & York LLP, and Pavlas & Brown LLP ("MD Brown Defendants") [Doc. # 3], Joseph Indelicato, Jr. and the Law Offices of Joseph Indelicato, Jr., P.C. ("Indelicato Defendants") [Doc. # 4], and Claudia

Canales and Claudia Canales, P.C. ("Canales Defendants") [Doc. # 5]. All parties in the Adversary Proceeding agree that the reference must be withdrawn for trial, but the Bankruptcy Plan Agent, Elizabeth M. Guffy, argues that the case should be handled in the Bankruptcy Court for all pretrial matters.

United States Bankruptcy Judge Jeff Bohm issued a Report and Recommendation [Doc. # 1]. Judge Bohm recommends that the Court grant the Motions to Withdraw the Reference, then refer the adversary case back to him for all pretrial matters. Timely objections to the recommendation that the adversary be referred to Judge Bohm for pretrial matters were filed by the Hoffman Defendants [Doc. # 11], the MD Brown Defendants [Doc. # 12], the Indelicato Defendants [Doc. # 13], and the Canales Defendants [Doc. # 14]. No party objects to the withdrawal of the reference.

By General Order 2012-6, all eligible cases and proceedings in the United States District Court for the Southern District of Texas are automatically referred to the bankruptcy courts pursuant to 28 U.S.C. § 157(a). "The district court may withdraw, in whole or in part, any case or proceeding referred under [§ 157], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

When determining whether cause exists to withdraw the reference from a bankruptcy court, the "district court should consider the goals of promoting

uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Other factors include whether the underlying lawsuit is core or non-core, and whether a party has demanded a jury. *See id.*

In this case, the six *Holland America* factors weigh in favor of withdrawal of the reference. It is uncontested that the adversary includes both core claims and non-core claims. There is no allegation that Defendants are engaging in forum shopping, and Defendants have demanded a trial by jury. The Court finds that the remaining three factors, which relate primarily to judicial economy, equally favor withdrawal of the reference. This district court is capable of ensuring that uniformity in bankruptcy administration and economical use of the parties' resources is achieved. This district court will preside over a related adversary proceeding, Civil Action No. H-16-0043, and can quickly become familiar with the factual and legal issues that are involved in these adversary proceedings. This district court can rule promptly on pending motions, and can thereby avoid the duplicative work that would occur if the motions are decided by the bankruptcy court followed by an appeal to this court. This district court utilizes a procedure that allows quick resolution of discovery disputes, which will be discussed with the parties at the initial scheduling conference. The Court will

handle this adversary proceeding in a manner which promotes uniformity in bankruptcy administration, economical use of the parties' resources, and an efficient bankruptcy process.

Having reviewed the Motions to Withdraw the Reference, the Bankruptcy Court's Report and Recommendation, Defendants' Objections, and applicable legal authorities, the Court concludes that there is good cause to withdraw the reference of this adversary proceeding.

The District Court has discretion to refer cases to the Bankruptcy Court. *See Matter of Hipp, Inc.*, 895 F.2d 1503, 1514 (5th Cir. 1990). The Court exercises its discretion to retain the case on its active docket rather than refer it to the Bankruptcy Court for pretrial matters. This will allow the Court to maintain an active role in the case and to gain familiarity with the issues that will be presented for trial. Additionally, this will allow the Court to ensure the efficient use of the resources of the parties and the Court. Accordingly, it is hereby

**ORDERED** that the Motions to Withdraw the Reference [Docs. # 2, # 3, # 4, and # 5] are **GRANTED** and the reference of this case to the United States Bankruptcy Court is **WITHDRAWN**. It is further

**ORDERED** that by **February 10, 2016**, Motions to Dismiss currently pending in the Bankruptcy Court shall be refiled in this case using the District Court caption

and case number.  By **February 17, 2016**, the Plan Agent shall refile her Responses using the District Court caption and case number.  Any replies must be filed by **February 24, 2016**.  It is further

**ORDERED** that counsel shall appear before the Court on **March 8, 2016**, at **1:30 p.m.** for a status and scheduling conference.

SIGNED at Houston, Texas, this 3rd of **February, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE