United States District Court
Southern District of Texas
**ENTERED**
December 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH M. GUFFY, | § | |
| Plan Agent, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 16-0084** |
| | § | |
| MARSHALL DAVIS BROWN, JR., | § | |
| *et al.*, | § | Bankruptcy Adversary No. 15-3229 |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Elizabeth Guffy, the Plan Agent under the Chapter 11 Plan of Liquidation in the Brown Medical Center, Inc. ("BMC") bankruptcy, filed this adversary proceeding seeking to avoid certain attorneys fee and other payments as fraudulent transfers. The case is now before the Court on the Plan Agent's Motion to Strike Expert Designations of Paul French, William Stewart, and Bobby Newman ("Motion to Strike") [Doc. # 63], to which Defendants Marshall Davis Brown, Jr., Pavlas, Brown & York, LLP, and Pavlas & Brown, LLP (collectively, "MDBrown") filed an Objection [Doc. # 64], and the Plan Agent filed a Reply [Doc. # 65]. Having reviewed the record and the applicable legal authorities, the Court **grants** the Motion to Strike.

## I.    DEADLINE FOR DEFENDANTS' EXPERT REPORTS

The disclosure of any witness retained or specially employed to provide expert testimony "must be accompanied by a written report – prepared and signed by the witness[.]" FED. R. CIV. P. 26(a)(2)(B).  The disclosure of expert witnesses, and the production of their written reports, must be made "at the times and in the sequence that the court orders."  FED. R. CIV. P. 26(a)(2)(D).

On March 8, 2016, counsel for all parties appeared for a scheduling conference. During the conference, the Court ordered that the deadline for disclosure of expert witnesses and reports on the issue of BMC's insolvency would be earlier than the deadline for other expert reports.  Specifically, the Court ordered on the record that Plaintiff was to disclose insolvency expert reports by April 29, 2016, and Defendants' expert reports on insolvency would be turned over by July 29, 2016.  *See* Transcript of March 8, 2016 Scheduling Conference [Doc. # 48], p. 68.[1]  The Agreed Docket Control Order [Doc. # 35] entered following the conference, however, reflected only the deadlines for experts on other issues.[2]

---

[1] The transcript of the March 8, 2016 scheduling conference was filed on the docket and was available to all counsel on August 25, 2016.

[2] The deadline for Plaintiff to designate experts and provide reports was September 9, 2016, and the deadline for Defendants' experts and reports was October 21, 2016.  The deadline for Plaintiff's experts' rebuttal opinions was November 18, 2016, and the deadline for Defendants' experts' rebuttal opinions was December 15, 2016.

Defendants failed to designate insolvency experts or provide reports by the July 29, 2016 deadline. On October 14, 2016, Defendants filed a Motion to Extend Expert Designation and Reports Deadline ("Motion to Extend Deadline") [Doc. # 53]. Defendants represented in the motion that the current schedule required "Plaintiff to produce its expert reports by September 9, 2016, Defendants by October 21, 2016." *See* Motion to Extend Deadline, p. 1. Defendants requested an extension of the deadline to January 21, 2017, "to allow the retained experts to present their reports." *See id.* at 3. The Plan Agent filed a Partial Opposition [Doc. # 56], noting correctly that the deadline for insolvency experts and their reports expired on July 29, 2016. The Plan Agent did not oppose extension of deadlines other than the expert report deadline for insolvency experts.

Although it was abundantly clear that the deadline for Defendants' expert reports on insolvency was July 29, 2016, the Court exercised its discretion, in the interest of justice, to extend the deadline. In an Order [Doc. # 59] entered October 19, 2016, the Court granted Defendants' Motion to Extend Deadlines "only to the extent" reflected in the Order. The Court extended the deadline for "Defendants' Expert Disclosure/Reports" to November 19, 2016. *See* Order, p. 1. The deadline for Plaintiff to provide rebuttal opinions from her existing experts was extended to January 19, 2017. *See id.*

On November 18, 2016, Defendants filed Amended Initial Disclosures [Doc. # 62], in which they identified three experts. Defendants did not, however, provide reports from any of the three experts.

On December 6, 2016, the Plan Agent filed the pending Motion to Strike Expert Designations [Doc. # 63]. The Plan Agent noted correctly that Defendants failed to provide expert reports by the November 19, 2016 deadline. In their Objection [Doc. # 64], Defendants argued that the November 19, 2016 deadline did not apply because their experts' reports were actually "rebuttal reports" subject to the January 19, 2017 deadline. *See* Objection, p. 3. Defendants' argument is wholly without merit.

The Court's October 19, 2016 Order provided clearly and unequivocally that the deadline for "Defendants' Expert Disclosure/Reports" was November 19, 2016. Defendants in their Motion to Extend Deadlines requested a January 2017 deadline "to allow the retained experts to present their reports." *See* Motion to Extend Deadlines, p. 3. The Court denied that request, extending the deadline for Defendants' retained experts to present their reports only to November 19, 2016. *See* Order, p. 1. It is beyond serious debate that the deadline for Defendants to provide the expert reports for the experts disclosed on November 18, 2016, was November 19, 2016. Any assertion that Defendants believed differently is rejected.

## II.     **REQUEST FOR EXTENSION OF EXPIRED DEADLINE**

Defendants failed to comply with the Court-imposed deadline for expert reports from insolvency experts and failed to comply with the extended deadline for reports from all of Defendants' experts. Defendants now argue that the deadline should be extended yet again. Where a deadline for experts has been established by Court order, Federal Rule of Civil Procedure 16(b)(4) provides the standard for requests to extend that deadline after it has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Fin. Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). The deadline "may be modified only for good cause and with the judge's consent." *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). To determine whether the moving party has established good cause, the Court considers the following four factors:

(1) the explanation for the failure to timely move to extend deadline;
(2) the importance of the amendment;
(3) potential prejudice in allowing the amendment; and
(4) the availability of a continuance to cure such prejudice.

*Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

Defendants claim their failure to comply with the Court's deadline or to move to extend the deadline prior to its expiration was the result of their belief that the deadline for rebuttal opinions applied. This belief, even if genuinely held, does not

establish good cause. The Court's oral order during the March 8, 2016 scheduling conference, and the Court's October 19, 2016 written Order, establish clearly that the deadline for Defendants' expert disclosure *and reports* was November 19, 2016. The Court rejects Defendants' current assertion to the contrary.

Defendants state summarily that the expert testimony on insolvency is important. The Plan Agent bears the burden of proof on the insolvency issue. If Defendants believe the testimony by the Plan Agent's expert is flawed, any flaws can be demonstrated through cross-examination of the Plan Agent's expert. As a result, Defendants' experts, though of some importance, are not crucial to Defendants' position in this lawsuit.

The Plan Agent will suffer prejudice if the Court grants yet another extension of the deadline for Defendants' expert reports. The deadline for the Plan Agent's rebuttal opinions would need to be extended, further delaying a final resolution of this lawsuit to recover funds for the benefit of BMC's creditors. The prejudice would not be cured by a continuance, because delay in this case is prejudicial to the Plan Agent and the creditors of the BMC bankruptcy estate.

Defendants have failed to demonstrate good cause for the Court to ignore their failure to comply with the Court-imposed deadlines for expert reports, or their failure

to seek an extension of the new deadline before it expired. As a result, the Court exercises its discretion not to extend the deadline again.

## III. CONCLUSION AND ORDER

Based on the foregoing, Defendants failed to provide expert reports by the November 19, 2016 deadline. Defendants have failed to demonstrate good cause for again extending the deadline for expert reports. Therefore, it is hereby

**ORDERED** that the Plan Agent's Motion to Strike Expert Designations of Paul French, William Stewart, and Bobby Newman [Doc. # 63] is **GRANTED**.

SIGNED at Houston, Texas, this **27th** day of **December, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE