IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| BROWN MEDICAL CENTER, INC., § | | |
| Debtor. § | **CIVIL ACTION NO. 16-0084** | |
| § | | |
| ---------------------------------------------- § | | |
| § | | |
| ELIZABETH M. GUFFY, Plan Agent, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Bankruptcy Adversary No. 15-3229 | |
| § | | |
| MARSHALL DAVIS BROWN, JR., § | | |
| *et al.*, § | | |
| Defendants. § | | |

# MEMORANDUM AND ORDER

Elizabeth Guffy, the Plan Agent under the confirmed Chapter 11 Plan of Liquidation in the Brown Medical Center, Inc. bankruptcy, filed this adversary proceeding seeking to avoid certain attorney's fee and other payments as fraudulent transfers under 11 U.S.C. § 548 and the Texas Uniform Fraudulent Transfer Act ("TUFTA"). The case is now before the Court on the Plan Agent's Motion for Summary Judgment on the Brown Defendants' *Res Judicata*, Collateral Estoppel, and *Rooker-Feldman* Defenses [Doc. # 103], to which the Brown Defendants filed a Response [Doc. # 110], and the Plan Agent filed a Reply [Doc. # 114]. The Court has

reviewed the full record and the applicable legal authorities. Based on this review, the Court **grants** the Plan Agent's Motion.

I. **BACKGROUND**

Michael Brown, the owner of 100% of the shares of Debtor Brown Medical Center, Inc. ("BMC"), and his former wife Rachel Brown, were involved in contentious divorce proceedings beginning in 2010. Rachel Brown was represented by multiple attorneys, including Marshall Davis Brown, Jr. Plaintiff alleges that BMC transferred funds indirectly to the Brown Defendants after BMC became insolvent.

In January 2013, Michael Brown filed a voluntary Chapter 11 bankruptcy petition. On October 15, 2013, his Chapter 11 Trustee filed a voluntary Chapter 11 bankruptcy petition on behalf of BMC. The Bankruptcy Court appointed Plaintiff Elizabeth Guffy as the Chapter 11 Trustee for BMC. On October 1, 2014, the Bankruptcy Court confirmed a plan of liquidation in BMC's bankruptcy case and appointed Guffy as the Plan Agent.

Plaintiff filed this Adversary Proceeding against Defendants, asserting fraudulent transfer claims under 11 U.S.C. § 548 and under TUFTA. *See* Second Amended Complaint [Doc. # 41]. Plaintiff alleges that the transfers to the Brown Defendants were the result of constructive fraud in that they were made while BMC was insolvent and without receiving reasonably equivalent value. By Memorandum

and Order [Doc. # 15] entered February 3, 2016, this Court withdrew the reference of this Adversary Proceeding and retained the case on its own docket.

After conducting discovery, the Plan Agent moved for summary judgment on three affirmative defenses asserted by the Brown Defendants – *res judicata*, collateral estoppel, and the *Rooker-Feldman* defense. The Motion for Summary Judgment on the three affirmative defenses has been fully briefed, and it is now ripe for decision.

## II. **LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

## III. AFFIRMATIVE DEFENSES

The state court in the Browns' divorce proceeding issued several orders for payment to Marshall Davis Brown, Jr. of reasonable and necessary attorneys' fees incurred in his representation of Rachel Brown. *See* Exhs. N1-N18 to Brown Defendants' Motion for Summary Judgment [Doc. # 67]. The Brown Defendants argue that these orders have *res judicata* and collateral estoppel effect in this fraudulent transfer lawsuit. They argue also that the *Rooker-Feldman* doctrine precludes the Plan Agent from challenging these orders.

### A. *Res Judicata* **and Collateral Estoppel**

"A claim in a subsequent suit will be barred under *res judicata* principles if: (1) the prior suit involved identical parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases." *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1349 (2017). The collateral estoppel doctrine requires proof of four elements: "(i) The issue under consideration in a subsequent action must be identical to the issue litigated in a prior action; (ii) The issue must have been fully and vigorously litigated in the prior action; (iii) The issue must have been necessary to support the judgment in the prior case; and (iv) There must be no special circumstance

that would render [estoppel] inappropriate or unfair." *Trinity Marine Prod., Inc. v. United States*, 812 F.3d 481, 491 (5th Cir. 2016).

The Plan Agent seeks to avoid certain transfers pursuant to § 548 and TUFTA. Under § 548(a)(1)(B), a bankruptcy trustee may avoid a transfer that was made within two years before the date the bankruptcy petition was filed if the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation" and either was insolvent when the transfer was made or became insolvent as a result of the transfer. *See* 11 U.S.C. § 548(a)(1)(B); *In re Inspirations Imports, Inc.*, 2014 WL 1410243, *2 (N.D. Tex. Apr. 3, 2014) (citing *In re GWI PCS 1 Inc.*, 230 F.3d 788, 805 (5th Cir. 2000)). Under TUFTA, a transfer made by a debtor is fraudulent if made "without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." TEX. BUS. & COMM. CODE § 24.006(a).

In its orders awarding attorney's fees in the Browns' divorce proceeding, the state court awarded "reasonable and necessary" fees to Defendant Brown in varying amounts. Whether the attorney's fees charged by Defendant Brown in connection with his representation of Rachel Brown were reasonable and necessary is not an issue in this fraudulent transfer action. The relevant issue in this case is whether the transfers to the Brown Defendants were in exchange for reasonably equivalent value

*to BMC*. In none of the state court orders was Debtor BMC ordered to pay any attorney's fees to Defendant Brown, and in none of the orders did the state court find that any transfers to Brown in payment of attorney's fees for representing Rachel Brown were in exchange for reasonably equivalent value to BMC. Because these material fact issues in this fraudulent transfer action were not decided in the state court divorce proceeding, neither *res judicata* nor collateral estoppel apply to preclude the Plan Agent's claims in this lawsuit. The Plan Agent is entitled to summary judgment on these two affirmative defenses.

### B. *Rooker-Feldman* Defense

The *Rooker-Feldman* doctrine "dictates that federal district courts lack subject matter jurisdiction over lawsuits that effectively seek to overturn a state court ruling." *Brown v. Taylor*, 2017 WL 432795, *2 (5th Cir. Jan. 31, 2017) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). This Court may not hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (citing *Exxon Mobil*, 544 U.S. at 284).

The Plan Agent in her fraudulent transfer claims seeks to avoid transfers to Defendant Brown that she argues were not in exchange for reasonably equivalent

value. She does not seek direct review and rejection of the state court's orders. Indeed, she is neither challenging nor asserting any injury based on the state court orders in the Browns' divorce proceeding. As a result, the *Rooker-Feldman* doctrine does not apply. The Plan Agent is entitled to summary judgment on the Brown Defendants' *Rooker-Feldman* defense.

## IV. <u>CONCLUSION AND ORDER</u>

The state court orders in the Browns' divorce proceeding relating to the payment of Defendant Brown's attorney's fees did not involve the same claim or issues as are present in this fraudulent transfer lawsuit. Therefore, those orders do not have *res judicata* or collateral estoppel effect in this case. Additionally, because the Plan Agent is not challenging the state court orders, the *Rooker-Feldman* defense does not apply. As a result, it is hereby

**ORDERED** that the Plan Agent's Motion for Summary Judgment on the Brown Defendants' *Res Judicata*, Collateral Estoppel, and *Rooker-Feldman* Defenses [Doc. # 103] is **GRANTED**.

SIGNED at Houston, Texas, this **29th** day of **June, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE