IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH M. GUFFY, | § | |
| Plan Agent, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 16-0084 |
| | § | |
| MARSHALL DAVIS BROWN, JR., | § | |
| *et al.*, | § | Bankruptcy Adversary No. 15-3229 |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

By Memorandum and Order [Doc. # 146] entered September 11, 2017, the Court denied the parties' Motions for Summary Judgment. Plaintiff Elizabeth M. Guffy, Plan Agent, filed a Motion for Reconsideration [Doc. # 150] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Plan Agent seeks reconsideration of the Court's ruling that there were genuine issues of material fact regarding whether Brown Medical Center, Inc. ("BMC") received value in exchange for the transfers to Defendant Marshall Davis Brown, Jr. and related law firms. The Plan Agent also seeks summary judgment on discrete issues regarding the transfers and BMC's financial status at the time the transfers were made, specifically whether BMC was insolvent or was engaged in business when its remaining assets were unreasonably small.

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, at *6 (5th Cir. 2009) (quoting *Templet*, 367 F.3d at 479). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

The Court has carefully reviewed the Motion for Reconsideration and the applicable legal authorities. For the reasons stated in the September 11 Memorandum and Order, the parties have presented evidence that raises genuine issues of material fact regarding any value received by BMC in exchange for the transfers at issue. Similarly, there are genuine issues of material fact regarding BMC's financial status at the time the transfers were made. Accordingly, it is hereby

**ORDERED** that the Motion for Reconsideration [Doc. # 150] is **DENIED**.

SIGNED at Houston, Texas, this **11th** day of **October, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE